## FRIGIDAIRE SALES CORPORATION v. ALEXANDRIA BANK & TRUST CO.*

### No. 4399.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1933.

Polk & Robinson, of Alexandria, for appellant.

White, Holloman & White, of Alexandria, for appellee.

DREW, J.

Plaintiff alleged that during the month of October, 1931, it forwarded to the defendant bank for collection three drafts in the sums of $66.86, $100, and $66.86, totaling $233.72; and that the said drafts were payable on sight to the order of defendant bank, and drawn by plaintiff on one A. J. Pollard. Attached to the drafts were bills of lading for certain frigidaire products, and on the face of the drafts there was printed:

"To the Bank:

"Hold papers for arrival of goods, if necessary, and deliver documents attached only upon payment of draft unless otherwise instructed."

That the drafts were duly received by defendant and accepted for collection; and that the defendant has failed to account for said drafts and has refused to return them or to pay for the amount of the said drafts. It further alleged that the bank surrendered the bills of lading and the goods were delivered to the person holding said bills of lading.

It prayed for judgment against the defendant in the amount of said drafts, with 5 per cent. per annum interest from judicial demand until paid.

Defendant admits the material allegations of the petition and pleaded compensation and set-off against the indebtedness to plaintiff, as follows:

"IV. Defendant shows the court that the Frigidaire Sales Corporation is a wholly owned subsidiary of the Frigidaire Corporation, also a Delaware corporation, and that all of the stock of the Frigidaire Sales Corporation is owned by the said Frigidaire Corporation; that the Frigidaire Corporation is a wholly owned subsidiary of the General Motors Corporation, and all of the stock thereof is owned by the General Motors Corporation; that the General Motors Acceptance Corporation, a New York corporation, is a wholly owned subsidiary of the General Motors Corporation; and that consequently in fact and in law the Frigidaire Sales Corporation and the General Motors Acceptance Corporation are one and the same Company and are mere instrumentalities and adjuncts of the General Motors Corporation, a New York corporation.

"V. Defendant shows that it has not returned the drafts to plaintiff nor paid it the

*Rehearing denied March 10, 1933.

amount thereof for the reason that at the time said drafts and bills of lading were sent to the defendant, the plaintiff was indebted to defendant in an amount greater than the sum set forth in plaintiff's petition, and said debt was, therefore, mutually extinguished, compensated and set off, leaving a balance due defendant by plaintiff.

"VI. That said indebtedness by plaintiff to defendant and said compensation and set off arise as follows:

"On October 6, 1931, defendant held as collateral security to the note of one A. J. Pollard the chattel mortgage notes of M. Portman, aggregating $432.00, and as collateral security to another note of A. J. Pollard the chattel mortgage notes of J. M. Brouillette aggregating $372.00; that the amounts advanced to the said Pollard on said notes were paid by said Pollard to the plaintiff herein, the Frigidaire Sales Corporation, as the purchase price of certain frigidaire machinery sold to the said Portman and to the said Brouillette; that the General Motors Acceptance Corporation was the financing agency of the Frigidaire Sales Corporation; that defendant, on October 6, 1931, sent to the General Motors Acceptance Corporation for collection and returns direct to defendant the said Portman and Brouillette notes, as follows:

" 'October 6, 1931.

" 'Mr. G. Eikel,

" '% General Motors Acceptance Corporation,

" '210 Baronne Street,

" 'New Orleans, Louisiana.

" 'Dear Sir:

" 'We beg to hand you herewith for collection and returns direct to us, less carrying charges, the following notes:

" 'M. Portman, $432.00.

" 'Silas Jackson, $120.00.

" 'J. M. Brouillette, $372.00.

" 'In making remittances on these please make check payable to the Alexandria Bank and A. J. Pollard jointly.

" 'Very truly yours,

" 'O. G. Cremillion,

" 'Asst. Cashier.'

"That while said General Motors Acceptance Corporation remitted to defendant for the Jackson notes referred to, it failed and refused to remit to defendant the proceeds of the said Portman and Brouillette notes, as directed, and has so failed and refused up to this date, and has also failed and refused to return said notes.

"VII. That consequently the plaintiff is indebted unto defendant in the sum of $804.00, less the carrying charges on said Portman and Brouillette notes, and in a sum far in excess of the amount claimed by plaintiff as due it by defendant, which amount, therefore, has been compensated, set off and extinguished by reason of plaintiff's indebtedness to defendant.

"VIII. And now assuming the position of plaintiff in reconvention, defendant alleges that plaintiff is indebted unto it in the sum of $804.00, less such carrying charges, subject to a credit of $233.72, being the amount mutually compensated between plaintiff and defendant, and defendant is entitled to judgment against plaintiff in the amount so due it."

And in reconvention, prayed for judgment against plaintiff in the amount of the difference it claims is due it by GMAC, and the amount of $233.72 it admits owing to plaintiff.

Plaintiff filed a motion to strike out of the answer the articles dealing with compensation and set-off for the reason they do not set forth or allege a valid, substantial, legal, or equitable plea of compensation or set-off, and do not disclose a cause of action for said plea as against plaintiff. The motion to strike out was overruled by the lower court and, after a trial on the merits, judgment was rendered for plaintiff, as prayed for, and in favor of defendant in the amount it prayed for, subject to a credit of the amount of the judgment in favor of plaintiff. Plaintiff has appealed from this judgment.

The first issue to be disposed of in the case is whether or not the identity of the plaintiff and the General Motors Acceptance Corporation (GMAC) is such as to enable defendant to plead set-off against plaintiff of an amount due defendant by GMAC. The record discloses the following:

That General Motors owns all of the stock of the Frigidaire Corporation, the Frigidaire Sales Corporation, and GMAC, except that held by the officers and directors of each of these corporations for the purpose of organization;

That Frigidaire Corporation was organized to manufacture electric refrigerators and accessories thereto, and that is its sole business;

That the Frigidaire Sales Corporation is a subsidiary of the Frigidaire Corporation and was organized for the purpose of selling Frigidaire products, which is its sole business;

That GMAC was organized for the purchasing and handling of the notes on time sales from General Motors dealers, whether automobiles, refrigerators, or other General Motors products, and that is its sole business;

That the personnel of the membership of the board of directors and of the executive staff of each of these corporations is different and distinct; that each corporation operates separate and distinct offices independent of each other;

That each corporation conducts its own affairs and operates its own business without

interference or attempt to control on the part of the other;

That Frigidaire dealers are under no obligation to use the financing facilities of GMAC, and only about 30 per cent. of the dealers use it;

That each corporation was organized to operate a particular business with no fraudulent purpose in view, and each business is separate and distinct from the other;

That GMAC owns no part of the capital stock of the Frigidaire Corporation or the Frigidaire Sales Corporation, and the Frigidaire Corporation or the Frigidaire Sales own no part of the capital stock of the GMAC;

Each has its own place of business, its own letterheads, and owns separate organizations in every respect.

There was an attempt made by defendant to show that plaintiff did exercise some authority and control over GMAC in regard to the handling of the notes of Pollard involved in this suit, and offered a letter wherein the plaintiff herein instructed GMAC to send payments of notes in a certain manner. Plaintiff attempted to explain its interest in this transaction in that it was a joint indorser with Pollard on the note. This evidence was incorrectly ruled out by the lower court; however, this evidence of defendant, together with other evidence offered by it, is not sufficient to show control of the affairs of GMAC by plaintiff, and defendant failed in its attempt to show such control.

Defendant relies principally on the case of Lucey Manufacturing Corporation v. Oil City Iron Works, 15 La. App. 12, 131 So. 57, 58, to sustain its contention in this case. The two cases, however, are not the same in facts. There is a wide difference between them and, in fact, the only thing in common between them is that in the Lucey Manufacturing Case, the Lucey Manufacturing Corporation of New York owned all the stock in the Lucey Manufacturing Corporation, plaintiff in that suit, and in this case the General Motors own all the stock in the plaintiff corporation and in the GMAC.

The authorities cited and quoted from in the Lucey Manufacturing Corporation Case, to sustain the right of defendant to plead compensation against the Lucey Manufacturing Corporation of New York, are authority enough, under the facts in this case, to deny defendant the right to plead compensation in this case against GMAC. In the Lucey Manufacturing Corporation Case, one of the instrumentalities or adjuncts of the parent corporation filed suit and defendant pleaded compensation on a debt it held against the parent corporation, all of which at the time were in the hands of receivers. In this case, one subsidiary of General Motors filed suit against defendant, and it has pleaded compensation and set-off on an alleged claim against another subsidiary. As counsel has aptly put it, it is an attempt to make one son liable for the debts of another son, because they have a common father.

In the Lucey Manufacturing Corporation Case, they all used the same letterheads, bearing the same name, as follows:

"Lucey Manufacturing Corporation

"General Office

"Woolworth Building, New York.

"Branches:

| "Los Angeles, Cal. | Haynesville, La. |
| "San Francisco, Cal. | El Dorado, Ark. |
| "Pittsburg, Penn. | Beaumont, Texas. |
| "London, E. C. | Orange, Texas. |
| "Tampico, Mexico. | Mexia, Texas. |
| "Shreveport, La. | Houston, Texas. |

"Works:

"Chattanooga, Tenn.    Houston, Texas."

A letter addressed to the corporation at Houston, Tex., would be answered by the corporation in Tennessee or New York. They were all handling the same identical product, and, in that case, not to have allowed the plea of compensation would have amounted to a denial of justice as a deprivation of the right of defendant to collect what was admitted to be due him by a defunct corporation, and would have clearly defeated the right of a bona fide creditor. The evidence in that case was clearly sufficient to justify us in holding just what was indicated by the letterheads used by all of the Lucey Manufacturing Corporation—that is, that the plaintiff was a branch of the New York concern—and in that case, we said:

"A careful reading of the report of the receivers for the Lucey Manufacturing Corporation, together with the other evidence in the case, convinces us that the plaintiff was a branch of the Lucey Manufacturing Corporation with its headquarters in New York, and that the affairs of the plaintiff were so organized and controlled and its affairs were so conducted as to make it a mere instrumentality or adjunct of the parent corporation in New York."

The evidence in this case does not justify us in holding the same thing. The GMAC and the Frigidaire Sales Corporation are two distinct corporations organized for separate purposes, with separate officers and directors, and neither owning any of the capital stock of the other, nor in any way exercising any control over the affairs of the other. The mere fact that the majority stock of both corporations is owned by General Motors does not bring them in the rule laid down in the Lucey Manufacturing Corporation Case.

Identity of stock ownership alone does not create an identity of corporate interests between two companies. It is different where

the stock ownership has been resorted to, not for the purpose of participating in the affairs of the corporation in a normal and usual manner, but for the purpose of controlling a subsidiary company so that it may be used as a mere agency or instrumentality of the owning company.

Furthermore, the record discloses that both corporations are in good financial shape, and if defendant is a bona fide creditor of GMAC, its rights are not defeated nor is it in any wise injured by not being allowed to plead compensation in this case.

The plea of compensation and set-off and the reconventional demand of plaintiff should have been rejected.

It is unnecessary for us to pass upon the motion to strike out, under our finding in this case.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by rejecting the plea of compensation and set-off and the reconventional demand of defendant, and as amended, that the judgment be affirmed, at defendant's cost, in both cases.